No. 3844

Second Circuit

SITES v. CRUSE

(December 23, 1930. Opinion and Decree.)

S. R. Holstein, of Jena, attorney for plaintiff, appellee.

Wm. H. Mecom and Vinson M. Mouser, of Columbia, attorneys for defendant, appellant.

DREW, J. Plaintiff sued defendant for the sum of $1,950, alleging that he had been damaged in that amount by reason of defendant violating a contract made with him to cut and haul certain timber.

He alleges that he entered into a verbal contract with defendant to cut and haul all the merchantable timber on two hundred acres of land in Caldwell parish, La., from the land to the mill of defendant located near Columbia, La. That before he could haul the timber from the land, it was necessary for him to build roads and bridges at a cost of five or six hundred dollars, and also, in order to carry out the contract, he was forced to buy extra trucks, all of which he did. That he began his operations under the contract in June, 1928, and continued for about three months, at which time the defendant stopped him from cutting and hauling and advised him to secure another job, if he wanted work; that he was forced to seek another job and abandon the contract he had with defendant.

Plaintiff alleges that the contract price agreed upon was $10 per thousand for cutting and hauling the timber, and that there was left on the tract of land at the time of the breach of contract by defendant, 975,000 feet of timber, and that he would have made a profit of $2 per thousand, if he had been allowed to complete his contract, and that he has been damaged in the sum of $1,950.

Defendant admits the contract, as alleged, but denies that he breached same in any manner. He alleges that at the time he stopped plaintiff from hauling, his mill yard was filled to overflow with logs, and that he requested plaintiff to stop his operations for a few days until the mill could catch up with the logs on the yard. He claims that such a situation was contem-

plated at the time the contract was entered into; that plaintiff admitted his right to make this request and asked to be relieved from the fulfillment of the contract and the contract was voided by mutual consent, at the request of plaintiff.

On these issues, the case was tried in the lower court resulting in judgment for plaintiff in the amount of $250, with legal interest from judicial demand until paid and for all costs of court. From this judgment, the defendant has appealed.

The case involves only questions of fact, and the lower court has decided these questions in favor of the plaintiff, and, unless the finding of the lower court is clearly erroneous, it is the policy of this court not to disturb the judgment.

The lower court in a written opinion held that the contract was breached by defendant, and we cannot say that his decision was incorrect. Plaintiff had gone to much expense in building roads and bridges, buying trucks, and rebuilding old trucks. He had only cut and removed timber from one forty acres and testified that he had made a profit of $2 per thousand on that which he had cut and hauled. The job that he took after being stopped from hauling for defendant was one in which he could not use his trucks, and the evidence shows that he sold one or more of them at a loss. He was also at great expense in moving from the defendant's job to his new one, and the evidence discloses that he was able to earn almost if not quite as much on the new job as on the one with defendant. All of the circumstances tend to show that plaintiff could not have had any good reason for wishing to abandon his contract with defendant and, on the other hand, he had every good reason to want to complete the contract. We accept the finding of the lower court that the

contract was breached by defendant as correct.

The only remaining question is the amount of damage sustained by plaintiff by virtue of this breach.

Plaintiff secured another contract and was at work under it within a week or ten days after he was forced to cease operations under the contract with the defendant. His new contract was almost as lucrative, if not entirely so, as the contract with defendant, and the lower court found the damage for loss of profits to be $100, and allowed the further sum of $150 for his expense in moving from the first job to the second. This last item of damage is complained of by defendant for the reason that there is no allegation in the petition to cover it, although proof was allowed over objection. Be that as it may, we are not disposed to reduce the judgment. The lower court correctly found that the cost of building roads and bridges amounted to three or four hundred dollars. The eighty acres on which these bridges and roads were built had only been half cut and hauled when the contract was brought to an end, and the plaintiff was damaged at least half the cost of the road and bridges built on the eighty acres to be used in removing the timber. He was further damaged in that he had purchased trucks to complete the contract with defendant, for which he had no use on the second job and was forced to sell at a loss

The record clearly shows that plaintiff was damaged in a sum of at least $250, all brought about by the breach of contract with the defendant.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with all costs.